UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| MICHAEL DARREL MARLOW, | ) |
| Plaintiff, | ) |
| v. | ) No.: 3:17-cv-00435-TAV-HBG |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION**

When the plaintiff here first sought supplemental-security-income benefits, an ALJ concluded that his borderline intellectual functioning was a severe impairment, but nevertheless ultimately denied him benefits. Plaintiff applied for benefits again (but for a different time period); this time, a different ALJ again denied him benefits, but on the way to that conclusion, this second ALJ concluded that plaintiff did not have borderline intellectual functioning range, and thus was *not* severely impaired.[1]

In this objection by plaintiff [Doc. 24] to the report and recommendation of United States Magistrate Judge H. Bruce Guyton [Doc. 23], which recommends granting the Commissioner's motion for summary judgment [Doc. 21], and denying plaintiff's motion for judgment on the pleadings [Doc. 19], plaintiff asserts that the second ALJ impermissibly rejected the prior findings of the first. But principles of res judicata do not prevent a second ALJ from drawing his or her own conclusion about a different benefit application for a

---

[1] Because there have been no objections to Magistrate Judge Guyton's recitation of this case's background, those matters are incorporated by reference and omitted from this memorandum opinion.

different period of disability. For that reason, and because here the second ALJ's decision was otherwise supported by substantial evidence, plaintiff's objection will be overruled, and Magistrate Judge Guyton's R&R will be adopted in full.

The meat of plaintiff's objection is foreclosed by *Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929 (6th Cir. 2018). There, the Sixth Circuit clarified the rule from *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (1997), which had said, "Absent evidence of an improvement in a claimant's condition, a subsequent ALJ is bound by the findings of a previous ALJ," and, "When the Commissioner has made a final decision concerning a claimant's entitlement to benefits, the Commissioner is bound by this determination absent changed circumstances." *Id.* at 842. The *Earley* court explained that the "unusual facts" of *Drummond* "led to some overstatement" of the holding, and clarified that when an applicant "file[s] a new application for a new period of time," then "each application is entitled to review," because "res judicata only 'forclose[s] successive litigation of the very same claim.'" *Earley*, 893 F.3d at 933 (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)). This is because, as the court explained, "Any earlier proceeding that found or rejected the onset of a disability could rarely, if ever, have 'actually litigated and resolved' whether a person was disabled at some later date," due to the fact that "human health is rarely static." *Id.*

In light of this binding precedent, the second ALJ had the legal authority to reevaluate plaintiff's intellectual impairment (or lack thereof). Plaintiff briefly argues—without really discussing *Earley*—that, because there was no change in plaintiff's condition, the second ALJ was not permitted to supplant the first's finding that plaintiff's borderline intellectual functioning was a severe impairment [Doc. 24, at 1–2]. But that is no different than the rule

from *Drummond*, which as explained above was clarified in *Earley*; again, plaintiff barely acknowledges this later case. To be fair, uncertainty on this point is reasonable, given that *Earley* says things like, "[Principles of res judicata] do not prevent the agency from giving a fresh look to a new application *containing new evidence or satisfying a new regulatory threshold* that covers a new period of alleged disability while being mindful of past rulings and the record in prior proceedings," *id.* at 931 (emphasis added), and, "An individual may file a second application—for a new period of time—for all manner of reasons and obtain independent review of it *so long as the claimant presents evidence of a change in condition or satisfies a new regulatory threshold,*" *id.* at 932 (emphasis added). But *Earley* also makes clear that applicants technically can file a subsequent-but-identical application; the court just cautions that it is not a very good idea:

> At the same time, an applicant remains free to bring a second application that introduces *no new evidence* or very little new evidence after a failed application. But she should not have high expectations about success if the second filing mimics the first one and the individual has not reached any new age (or other) threshold to obtain benefits. What's past likely will be precedent in that setting—as indeed it should be in a system designed to apply the law consistently to similarly situated individuals.

*Id.* at 933 (emphasis added). Thus, the best reading of *Earley*, and the one adopted now, is that subsequent ALJs can reevaluate past ALJ findings in a new application for a new period, but that, absent a change in evidence, regulation, or eligibility, such applications are unlikely to succeed (just, due to their lack of merit, not res judicata). Indeed, *Earley* suggests as much: "[A]bsent new and additional evidence, the first administrative law judge's findings are a legitimate, albeit not binding, consideration in reviewing a second application." *Id.*

3

Thus, to the extent plaintiff objects on the basis that the second ALJ was bound by the first ALJ's findings, that objection will be overruled.

Plaintiff's argument that "his condition has worsened, particularly socially" [Doc. 24, at 3]—which the Court construes as a substantial-evidence challenge to the ALJ's conclusion regarding plaintiff's lack of intellectual impairment—is devoid of merit. Substantial evidence is not a demanding standard; it requires "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). Here, plaintiff does not explain how the ALJ, or Magistrate Judge Guyton on initial review, got this wrong, but rather merely points to evidence that would (arguably) support the opposite conclusion. But it is axiomatic that the Court must "defer to an agency's decision 'even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ.'" *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). And what is more, the evidence cited to by plaintiff—all of which is contained in a single paragraph [Doc. 24, at 3]—does not come close to compelling a conclusion different than the ALJ's, as would be required to reverse on substantial-evidence review. *See Smith v. Chater*, 99 F.3d 780, 781 (6th Cir. 1996) (reversal appropriate only when evidence "compels a conclusion other than the one the agency reached"). Therefore, in the absence of a more particularized objection to Magistrate Judge Guyton's well-reasoned recommendation, the Court will not disturb it and incorporates its

reasoning here. *See Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (conclusive or general objections are not entitled to de novo review).

The remaining ground for plaintiff's objection is inapposite in light of the above. Plaintiff submits that, under certain circumstances, a *Drummond* violation is a reversible, rather than a harmless, error [Doc. 24, at 2]. Putting aside whether or not that is still true post-*Earley*, it is not a relevant consideration here because there has been no error.

Because there is no error in the R&R, plaintiff's objection to it is **OVERRULED** [Doc. 24]. Magistrate Judge Guyton's report and recommendation is therefore **ACCEPTED** and **ADOPTED** in whole [Doc. 23]. Accordingly, plaintiff's motion for judgment on the pleadings is **DENIED** [Doc. 19], and defendant Commissioner's motion for summary judgment is **GRANTED** [Doc. 20]. The Commissioner's decision in this case is therefore **AFFIRMED**.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan<br>
CHIEF UNITED STATES DISTRICT JUDGE